FILED

October 28, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:15 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **JAMES MCCAFFERY,** | ) | **Docket No.: 2015-08-0218** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 44676-2015** |
| | ) | |
| **CARDINAL LOGISTICS,** | ) | **Judge Amber E. Luttrell** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **ACE AMERICAN INSURANCE CO.,** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, James McCaffery, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. McCaffery sought medical and temporary disability benefits for an injury to his back, right shoulder, and left knee. The employer, Cardinal Logistics, contended that Mr. McCaffery's injury resulted from a non-compensable idiopathic condition or act of God barring his claim for workers' compensation benefits. Cardinal further raised the imported risk doctrine as a defense to compensability of the claim. The central legal issue for determination is whether Mr. McCaffery sustained a compensable work injury arising primarily out of his employment.[1] For the reasons set forth below, the Court finds Mr. McCaffery carried his burden of proof establishing a compensable work injury and demonstrated he is entitled to medical and temporary disability benefits.

### History of Claim

Mr. McCaffery is a sixty-three-year-old resident of Shelby County, Tennessee. He

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached as an Appendix.

worked as an over-the-road truck driver for Cardinal.

On May 19, 2015, Mr. McCaffery drove a truck for Cardinal on U.S. Highway 60 traveling from Fort Scott, Kansas to Memphis, Tennessee. Mr. McCaffery testified he drove into a curve on the highway when he sneezed, causing him to run off the road. Mr. McCaffery testified he did not drive through a pollen cloud prior to the wreck. He does not suffer from seasonal allergies. Mr. McCaffery could not explain what caused him to sneeze. He attempted to direct the truck back onto the highway, but he "oversteered," causing the truck to roll over. Mr. McCaffery sustained multiple injuries in the accident. Mr. McCaffery testified the tow hook stored underneath the sleeper bunk dislodged when the truck rolled over and struck him in the back. When he unbuckled his seatbelt, he fell onto his right side injuring his neck and right shoulder. He injured his left knee when it hit the dashboard. He also sustained glass cuts and bruises to his head, face, and hands.

Mr. McCaffery immediately reported the injury to Cardinal. He called Kerry Wieden, manager of operations in Memphis, who instructed him to go to the hospital. Emergency responders transported Mr. McCaffery by ambulance to CoxHealth South Hospital in Springfield, Missouri.

Dr. Tommy Campbell treated Mr. McCaffery for multiple injuries in the emergency room and discharged him the same day. (Ex. 1.) He prescribed pain medication and muscle relaxers. He placed light-duty restrictions on Mr. McCaffery of no lifting, pushing, or pulling greater than five pounds, no forward bending, no stooping or kneeling, no power gripping, and no operating heavy equipment. He noted the light-duty restrictions remained in place until Mr. McCaffery followed up with Occupational Medicine South or his personal physician. *Id.*

Subsequently, Mr. McCaffery called Mr. Wieden and asked which doctor he should see through workers' compensation for follow-up care. Mr. Wieden did not know where to send him, so they agreed Mr. McCaffery could seek treatment at Concentra.[2]

On May 27, 2015, Mr. McCaffery presented to Dr. John Goodfred at Concentra for a cervical strain, chest wall contusion, concussion, left-knee contusion, head contusion, lumbar contusion, and right-shoulder strain. *Id.* Dr. Goodfred treated him conservatively with medication and physical therapy. He restricted Mr. McCaffery from any activity, including driving, until he could return for follow-up treatment. *Id.* The last work status note dated June 10, 2015, continued Mr. McCaffery's restriction of no activity, including driving. *Id.*

Mr. McCaffery last saw Dr. Goodfred on June 18, 2015. Dr. Goodfred did not

---

[2] Mr. McCaffery testified he suggested Concentra because Cardinal sent employees to Concentra for physicals and drug screens.

release him at maximum medical improvement (MMI). Dr. Goodfred noted that Mr. McCaffery's anticipated MMI date was July 31, 2015. Dr. Goodfred's record did not mention any restrictions. Furthermore, there was no corresponding work status report admitted into evidence for the June 18, 2015 visit. Mr. McCaffery testified that Dr. Goodfred never returned him to full-duty work and told him not to drive at his last visit. Mr. McCaffery contacted Cardinal on several occasions and asked if he could return to light-duty work. Cardinal informed him there was no light-duty work.

Mr. McCaffery remains off work. He testified credibly that he cannot work at this time because of continued symptoms in his left knee, low back, and right shoulder. His low-back pain makes it difficult to walk or sit in a truck for long periods. He used to sit for eight hours at a time while driving the truck. He currently experiences right-shoulder pain that travels to his neck. Mr. McCaffery also testified to strength loss in his right arm. He lacks strength to turn the crank to make the legs on the trailers rise up and down. He cannot bend over to pull the fifth wheel pin. Although he has not worked since his injury, he testified he believes he is still a Cardinal employee. Mr. McCaffery desires additional medical treatment for his injuries, so that he may return to work as an over-the-road truck driver.

Cardinal filed a Notice of Denial on June 16, 2015, stating, "[I]njury occurred due to an idiopathic condition (sneeze)." (Ex. 3.) A Wage Statement admitted into evidence indicates Mr. McCaffery's temporary total disability rate is $932.80 per week. (Ex. 2.)

Mr. McCaffery filed a Petition for Benefit Determination (PBD) on June 24, 2015, seeking medical and temporary disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation; therefore, the Mediating Specialist filed the Dispute Certification Notice on July 28, 2015. (T.R. 2.) At the Expedited Hearing, counsel for Cardinal advised the Court that Cardinal agrees to pay all of Mr. McCaffery's medical expenses related to the alleged work injury through June 16, 2015.[3]

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with

---

[3] The Court notes on October 21, 2015, Cardinal sent an email directly to the undersigned Judge requesting the Court consider a new report and affidavit as a late-filed exhibit to the Expedited Hearing. The information presented by email to the Court was not properly admitted into evidence at the Expedited Hearing in this case. Mr. McCaffery's counsel also emailed the Court noting his objection to Cardinal's proposed late filing. The Court denies Cardinal's request. The proper procedure for such a request is filing a motion with the court clerk. No motion was filed by counsel; therefore, Cardinal's request is not properly before the Court. The request is further denied as untimely pursuant to the Bureau's Mediation and Procedure Rule 0800-02-21-.14 (2015) and the Court of Workers' Compensation Claims Practice and Procedure Rule 7.02. Counsel is reminded that informal communication and submission of information acceptable in the Request for Assistance process for pre-July 1, 2014 cases is not acceptable procedure in post-July 1, 2014 cases in the Court of Workers' Compensation Claims.

basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Mr. McCaffery's injury arose primarily out of and in the course and scope of his employment with Cardinal.*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. §50-6-102(13) (2014). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys.,* 164 S.W.3d 350, 354 (Tenn. 2005); *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *19-20 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014).

> The phrase "in the course of" refers to time, place, and circumstances, and "arising out of" refers to cause or origin. "[A]n injury by accident to an employee is in the course of employment if it occurred while he was performing a duty he was employed to do; and it is an injury arising out of employment if caused by a hazard incident to such employment." Generally, an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.

*Cloyd v. Hartco Flooring Co.,* 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991)).

In this case, it is undisputed that Mr. McCaffery was where he was expected to be when working and was engaged in the duties of his employment with Cardinal at the time of his injury. Thus, the Court finds both the location and activity elements of "in the course and scope of his employment" are satisfied. The determinative issue in this case becomes whether Mr. McCaffery's injury arose primarily out of his employment.

Mr. McCaffery argued he sustained a compensable work injury arising primarily out of his employment when he attempted to negotiate a turn in his truck and had a wreck. Mr. McCaffery cited the Tennessee Supreme Court case, *Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004), in support of his position and argued the facts in *Phillips* are similar to the facts in this case.[4] The Court agrees.

In *Phillips*, the employee drove a truck in the course and scope of his employment on the date of injury. *Id.* at 148. He hit a tractor-trailer after he lost consciousness due to unknown causes and suffered multiple injuries to his body as a result of the accident. *Id.* The trial court denied benefits holding, "[A]n injury which occurs due to an idiopathic loss of consciousness is not compensable under the Workers' Compensation Act because a causal relationship cannot be shown between the employment and the loss of consciousness." On appeal, the Supreme Court reversed the trial court's decision and concluded:

> A worker need not prove that an idiopathic loss of consciousness was caused by his employment. An injury which occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury. The necessary causal link is between the employment and the accident or injury, rather than between the employment and the idiopathic episode.

*Id.* at 152.

The Court specifically addressed the hazard incident to the employment in *Phillips* and held:

> If driving a vehicle is part of an employee's job, then it is certainly a hazard

---

[4] Importantly, in *Phillips*, the Supreme Court did not base its decision or rationale on a remedial interpretation of the pre-July 1, 2014 reform statute; thus, reliance on *Phillips* is appropriate in this case. "Reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

5

incident to employment. To prove that his injuries arose out of his employment, Phillips must prove that driving his vehicle caused or exacerbated his injuries, not that any condition of work caused his idiopathic loss of consciousness.

*Id.*

Here, Cardinal raised the same or similar argument as the defendant in *Phillips*. Cardinal argued Mr. McCaffery's injuries resulted from a non-compensable idiopathic incident – the sneeze. It argued there was no causal link between Mr. McCaffery's employment and his sneeze. However, under *Phillips*, the Court finds the necessary causal link in this case is not between the employment and the sneeze. Rather, it is between the *employment* and Mr. McCaffery's *injury*. Moreover, just as in *Phillips*, the Court finds that Mr. McCaffery's job driving a truck was the hazard incident to his employment that caused his injuries. Accordingly, the Court finds Mr. McCaffery met his burden of proving his injury arose primarily out of his employment with Cardinal.

Cardinal raised additional defenses to the compensability of Mr. McCaffery's claim.

### *Act of God*

Cardinal also argued Mr. McCaffery's sneeze, or a possible environmental condition causing him to sneeze, constituted an act of God that caused the wreck and Mr. McCaffery's injuries. Cardinal cited the Tennessee Supreme Court case, *Jackson v. Clark and Fay, Inc.*, 270 S.W.2d 389, 390 (1954), in support of this defense. In *Jackson*, the employee died while riding in the employer's truck from his place of employment to the employer-furnished lodging during a tornado. *Id.* In denying benefits, the Supreme Court found the employee's death did not arise out of his employment and held:

This storm was not a danger peculiar to the work in which Jackson was engaged. It was a danger common to the general public at the time and place where it occurred. It was not a hazard incident to his employment. It did not have its origin in a risk connected with that employment. It did not flow from that source as a rational consequence. The employer by the exercise of reasonable foresight could not have reasonably contemplated this hazard as a result of transporting his employees from their place of employment to their night quarters.

*Id.* at 392. In the present case, Cardinal suggested an environmental factor, such as a large pollen storm, caused Mr. McCaffery's sneeze, leading to the accident. It contended this environmental factor constituted an act of God not unique to Mr. McCaffery, and under *Jackson*, would preclude Mr. McCaffery from workers' compensation benefits.

6

The Court respectfully disagrees with Cardinal's reasoning and finds the facts of this case distinguishable from the facts in *Jackson*. In *Jackson*, the act of God was a tornado. The tornado was not a danger or hazard unique to the employee. In the present case, there was no proof offered into evidence of any weather or environmental condition that occurred on the date and time Mr. McCaffery was injured that would constitute an act of God. Cardinal's argument suggesting Mr. McCaffery sneezed due to a large pollen storm is speculative and unsupported by the record. Mr. McCaffery disputed that he drove through a large pollen cloud at the time of his accident. He further testified that he does not know why he sneezed. He just sneezed. Based upon the proof in evidence, the Court finds Cardinal's act of God defense unpersuasive.

*Imported Risk Doctrine*

Alternatively, Cardinal asserted the imported risk doctrine precludes Mr. McCaffery from entitlement to workers' compensation benefits. In support of its argument, Cardinal relied upon the Tennessee Supreme Court case, *Jones v. Sonoco Products, Inc.*, 1992 Tenn. Lexis 144, at *1 (Tenn. 1992). In *Jones*, the employee died from asphyxiation due to a piece of chewing gum lodged in his throat while driving a forklift at work. *Id.* There was no proof offered at trial that Mr. Jones' driving of the forklift caused him to choke. *Id.* at *7. The Court denied benefits, finding Mr. Jones' death by asphyxiation from swallowing gum did not arise out of his employment. *Id.* at *3. Specifically, the Court held no rational connection existed between the duties required by Mr. Jones' work and his swallowing of gum, which resulted in his accidental death. *Id.* at *7. "In other words, the chewing of gum was not a risk incident to Mr. Jones' employment." *Id.* The Court further stated, "It is not within the workers' compensation law if the injury is only coincidental, or contemporaneous, or collateral to the employment." *Id.* at *6.

Here, Cardinal argued that Mr. McCaffery could have sneezed anywhere. Cardinal submitted that Mr. McCaffery's injury was coincidental, contemporaneous, or otherwise collateral to his job as an over-the-road truck driver, and that his injury did not arise out of a hazard or danger peculiar to the nature of his work. Again, the Court respectfully disagrees. In *Jones*, the employee died from asphyxiation from chewing gum. *Id.* at *7. It was coincidental that he was on a forklift at work at the time he choked on the gum. His death was not caused by the forklift or wrecking the forklift. Thus, there was no rational connection to Mr. Jones' work.

By contrast, in the present case, the sneeze itself did not injure Mr. McCaffery. Mr. McCaffery's injuries arose from the truck wreck. His back injury resulted from the tow hook striking him in the back when the truck flipped. His right shoulder and neck injuries resulted from his fall onto the right side of his body after unbuckling his seatbelt. His left knee hit the dashboard causing injury. He also sustained glass cuts and bruises to his head, face, and hands from the damaged truck. Again, the Court finds the truck was

7

the risk or hazard incident to Mr. McCaffery's employment providing the rational connection between Mr. McCaffery's job duties and his injury. Thus, the Court finds that Mr. McCaffery's claim for workers' compensation benefits is not barred by the imported risk doctrine.

In summary, the Court finds Mr. McCaffery came forward with sufficient evidence from which this Court can conclude he is likely to prevail at a hearing on the merits on the issue of compensability.

*Temporary Disability Benefits*

Turning to temporary disability benefits, Tennessee Code Annotated section 50-6-207(2) (2014) provides for temporary partial disability (TPD) during the time period in which the injured employee is able to resume some gainful employment in a disabled condition, but has not reached maximum recovery. *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005); *Jewell v. Cobble Construction and Arcus Restoration*, No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015). To establish entitlement to temporary partial disability benefits, the employee has the burden to show he had been assigned temporary work restrictions that rendered him partially disabled, and the partial disability resulted in a reduced ability to work because the employer was unwilling or unable to return the injured worker to work at or above his average weekly wage. *Williams*, 2005 Tenn. LEXIS 1032 at *7-8.

The medical proof indicated CoxHealth South Hospital did not excuse Mr. McCaffery from work completely, but restricted his work activities until he followed up with a personal physician. Thus, Mr. McCaffery is not entitled to temporary total disability benefits between May 19, 2015, and May 27, 2015. However, Mr. McCaffery's undisputed testimony was that he contacted Cardinal seeking light-duty work and Cardinal told him it had no light duty. Thus, the Court finds Mr. McCaffery came forward with sufficient evidence from which the Court concludes he is entitled to temporary partial disability between May 19, 2015, and May 27, 2015.

The Court further finds Mr. McCaffery is entitled to temporary total disability (TTD) benefits. The Workers' Compensation Law allows temporary total disability benefits under Tennessee Code Annotated section 50-6-207(1) (2014) when the disability is "total" and the employee is "unable to work as a result of a compensable injury." *See Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004); *Jewell*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21.

The work status reports of Dr. Goodfred indicated he restricted Mr. McCaffery from "any activity, including driving" on May 27, 2015. The last work status report admitted into evidence dated June 10, 2015, indicated Mr. McCaffery was still restricted

8

to "no activity" and "no driving personal vehicle." Dr. Goodfred's last medical note dated June 18, 2015, failed to mention any work restrictions. Based upon the medical records, the Court finds Mr. McCaffery is entitled to temporary total disability between May 27, 2015, and June 18, 2015. Although Dr. Goodfred did not release Mr. McCaffery at MMI on June 18, 2015, there is no proof before the Court at this time that Dr. Goodfred restricted Mr. McCaffery from work after June 18, 2015.

**IT IS, THEREFORE, ORDERED** as follows:

1. Cardinal or its workers' compensation carrier shall provide Mr. McCaffery with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204 (2014), to be initiated by Cardinal or its workers' compensation carrier providing Mr. McCaffery with a panel of physicians as required by statute to evaluate and treat any injuries causally related to Mr. McCaffery's work injury of May 19, 2015.

2. Cardinal or its workers' compensation carrier shall pay all outstanding bills for Mr. McCaffery's reasonable and necessary medical treatment for the work injury. Mr. McCaffery shall promptly furnish Cardinal or its workers' compensation carrier, through counsel, all medical bills he has received for medical treatment for the work injury.

3. Cardinal or its workers' compensation carrier shall pay Mr. McCaffery past-due TTD benefits in the amount of $2,798.40 for a three-week period between May 27, 2015, and June 18, 2015 at the temporary disability rate of $932.80 per week.

4. Cardinal or its workers' compensation carrier shall pay Mr. McCaffery past-due TPD benefits in the amount of $932.80 for a one-week period beginning May 19, 2015, through May 27, 2015.

5. This matter is set for an Initial (Scheduling) Hearing on December 22, 2015, at 10 a.m. (CDT).

6. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to** WCCompliance.Program@tn.gov **no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

7. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 28th day of October, 2015.**

Judge Amber E. Luttrell
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Amber E. Luttrell, Court of Workers' Compensation Claims. You must call 901-543-2668 or toll-free at 855-543-5046 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

**Exhibits**:

1. Medical Records of:
   - CoxHealth South Emergency Department
   - Concentra Medical Center
2. Wage Statement
3. Employer First Report of Work Injury and Notice of Denial of Claim

**Technical Record:**[5]

1. Petition for Benefit Determination (PBD), filed June 24, 2015
2. Dispute Certification Notice (DCN), filed July 28, 2015
3. Request for Expedited Hearing (REH), filed August 26, 2015

---

[5] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 28th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Jimmy Blount, Esq. Employee's Attorney | | | X | jimmy@bountfirm.com |
| Prairie Arnold, Esq. Employer's Attorney | | | X | parnold@arnold-lawyers.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

13